JOURNAL ENTRY and OPINION
Plaintiff-appellant Stanley V. Alsenas, represented pro se, appeals from the trial court's grant of summary judgment in favor of defendant-appellee Robert L. Miller, Building Commissioner of the City of Brecksville, Ohio. Appellant sought a writ of mandamus to require appellee to issue appellant his requested building permit. For the reasons set forth below, we affirm.
In a letter dated February 25, 2000, appellee denied appellant's request for the building permit to construct a single family residence on 10585 Whitewood Road in Brecksville, explaining that appellant had failed to comply with the Brecksville Codified Ordinances. Rather than appealing this denial or applying for any variances to Brecksville's Board of Zoning Appeals, appellant filed suit on March 13, 2000 in the Cuyahoga County Court of Common Pleas seeking a writ of mandamus. The case was assigned to the Honorable Judith Kilbane-Koch[1] and given the case number 403744. On June 20, 2000, Judge Kilbane-Koch granted appellee's motion to dismiss.
Appellant, however, does not appeal from that dismissal. Rather, appellant filed suit again in Cuyahoga County Common Pleas Court on June 29, 2000. The case was assigned to the Honorable Kenneth R. Callahan and given the case number 410966. Pursuant to Ohio Rule of Superintendence 36, the case was transferred to Judge Kilbane-Koch on September 27, 2000. On December 20, 2000, for good cause shown, this matter was reassigned and transferred to the docket of the Honorable Janet R. Burnside, who ultimately decided the case.
Appellee filed its motion for summary judgment on March 23, 2001. Appellant responded with his "Answer to the `Respondent's Motion for Summary Judgment'" (effectively, a motion in opposition to appellee's motion for summary judgment) on April 18, 2001. On May 29, 2001, appellee filed a reply brief to appellant's "Answer." And, on June 15, 2001, appellant filed an "Answer to `Respondent's Reply Brief to Relator's Answer to the Respondent's Motion for Summary Judgment" (effectively, a surreply brief). Appellee filed a motion to strike appellant's surreply brief on June 19, 2001, to which appellant answered on June 25, 2001.
Finally, on September 26, 2001, the trial court granted appellee's motion for summary judgment. The court stated in its journal entry that it considered neither appellee's reply brief nor appellant's "Answer" to appellee's reply brief, since both were filed without leave of court. Further, the court determined that appellee's motion to strike appellant's "Answer" was moot. The court found that appellant's motion in opposition to appellee's motion for summary judgment lacked the evidentiary materials required by Civ.R. 56 and, therefore, that appellant had not demonstrated any genuine issue of material fact. It is from this order that appellant appeals.
 ASSIGNMENT OF ERROR #1: THE FIRST, HER HONOR JUDGE'S ERROR IS THE UNLAWFUL DENIAL OF BUILDING PERMIT, WHICH RESULTED IN GREAT DAMAGES TO THE PLAINTIFF. THE ERROR IS THE CONTRADICTION AND DISOBEDIENCE TO HER OWN INSTRUCTIONS, WRITTEN IN HER OWN HANDWRITING, WHICH WERE SCRUPULOUSLY FOLLOWED BY THE PLAINTIFF AND DEFENDANT AS FULLY EXPLAINED IN THE ACCOMPANYING BRIEF WHICH PROVES, THAT THE ERRONEOUS AND UNLAWFUL DENIAL OF BUILDING PERMIT IS BASED ON HER OWN ERROR, AND NOT ON PLAINTIFF'S FAULT [SIC].
 ASSIGNMENT OF ERROR #2: THE SECOND HER HONOR JUDGE'S ERROR IS THE JUDGE'S ACCEPTANCE OF BUILDING COMMISSIONER, MR. ROBERT MILLER'S, PERJUROUS [SIC] STATEMENT "THAT MR. ALSENAS DID NOT COMPLY WITH THE PERTINENT CITY ORDINANCES OR SEEK VARIANCES FROM THEM THAT WOULD ENABLE THE ISSUANCE OF THE PERMIT AND DID NOT APPEAL TO THE BOARD OF ZONING APPEALS OF THE CITY OF BRECKSVILLE WHEN HIS BUILDING PERMIT WAS DENIED." THIS LIE AND JUDGE'S ERROR IS FULLY EXPLAINED IN THE ACCOMPANYING BRIEF.
Basically, appellant argues that the court ignored its own directions with regard to dispositive motion deadlines that it set and that, therefore, the reply brief to appellant's motion in opposition and Answer thereto filed by appellee and appellant, respectively, should have been considered by the court during determination of appellee's motion for summary judgment. Appellant also takes issue with the court's finding that appellant did not meet the evidentiary requirements of Civ.R. 56.
Appellee counters that the court did not err by refusing to consider the above-mentioned briefs; that the court did not err by finding that appellant failed to properly rebut the facts in appellee's motion for summary judgment; that there were no facts before the court to justify the issuance of a writ of mandamus; that the granting of summary judgment was appropriate under the standards of Civ.R. 56; that the granting of summary judgment was appropriate since appellant failed to avail himself of adequate remedies at law; and that the granting of summary judgment was appropriate because appellant's claim was res judicata.
 I.
The text of the handwritten order in question that appellant claims the court ignored states in full:
 2-23-01: PT had; to file disp motion by 3-23-01; to file Brief in Opp. + any disp. mtn by 4-23-01. to file their Brief to 's mtn w/in 40 days of the filing therof.
In his brief, appellant argues that because he filed his response on April 18, 2001, that appellee's reply brief filed on May 23rd should have been considered and so should have appellant's surreply brief filed on June 15, 2001. The docket and the time-stamped copy of appellee's reply brief show that appellee filed his reply brief on May 29, 2001, which would be forty-one days after appellant filed his response. The court properly did not consider appellee's reply brief and appellant's surreply brief since neither party had leave of court.
 II.
Because the trial court, in its order granting appellee's motion for summary judgment, ruled only on the issue of appellant's lack of Civ.R. 56(C) evidence, we will address only that issue as it relates to appellant's two assignments of error and we will ignore appellee's arguments that do not relate to this issue. Therefore, we fail to reach the issues whether there were facts before the court to justify the issuance of a writ of mandamus; whether the granting of summary judgment was appropriate since appellant failed to avail himself of adequate remedies at law; and whether the granting of summary judgment was appropriate because appellant's claim was barred by the doctrine of resjudicata.
 III.
This court recently stated the applicable standard of review regarding a trial court's granting of summary judgment:
 We review the trial court's granting of summary judgment de novo in accordance with the standards set forth in Rule 56(C) of the Ohio Rules of Civil Procedure. (Citation omitted.) To obtain a summary judgment under Civ.R. 56(C), the moving party must demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which support the requested judgment. (Citation omitted.) If the moving party discharges its initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. (Citations omitted.) Summary judgment is appropriate if, after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to that party. (Citations omitted.)
Rodic v. Koba (Dec. 7, 2000) Cuyahoga App. No. 77599, unreported, 2000 Ohio App. LEXIS 5715 at 4-6. For the reasons specified below, we affirm the trial court's grant of summary judgment in favor of appellee.
 IV.
Here, reviewing the evidence de novo, we have determined that the moving party met its initial burden in "identifying those portions of the record which support" its motion for summary judgment. Id. at 5. Further, we agree that the trial court was correct in its determination that appellee failed to raise a genuine issue of material fact since appellee did not attach the required Civ.R. 56(C) evidence to his motion in opposition.
 A.
In appellee's motion for summary judgment, appellee attached an affidavit of appellee, which stated, inter alia, that appellant was denied the building permit because of the "reasons outlined in the letter attached as Exhibit 1 to the `Respondent's Motion for Summary Judgment' filed in * * * Case No. 410966[.]" Also attached were: relevant provisions from the Brecksville Planning and Zoning Code; the postcard notice of dismissal of the original case (No. 403744); and a copy of appellant's application for building permit.
To appellant's "Answer to the `Respondent's Motion for Summary Judgment,'" appellant attached a topographical map of the area; letters dated December 8, 1999, December 29, 1999, January 19, 2000 and March 3, 2000 that appellant wrote to appellee; relevant Brecksville code sections; a letter dated July 25, 1988 from an engineer to one Mr. James Beverly regarding the same plot of land as at issue here; the letter dated February 25, 2000 from appellee to appellant denying and explaining the denial of appellant's application for a building permit; something entitled "LEGAL DESCRIPTION" of the plot of land at issue done by Richard M. Kole Associates; a copy of one page from an unidentified secondary legal source; an "interoffice memo" dated November 26, 1999 from Kathy Neforos, Brecksville Building Department, to Christopher L. Courtney regarding a 10585 Whitewood Road Topographical Plan Review; a "Memorandum" dated December 21, 1999 from appellee to Christopher L. Courtney regarding a December 8, 1999 letter from appellant; a "Memorandum" dated January 7, 2000 from appellee to Christopher L. Courtney regarding a December 29, 1999 letter from appellant; a "Memorandum" dated February 11, 2000 from appellee to Christopher L. Courtney regarding a meeting summary of January 27, 2000 about the property in question; a copy of an excerpt of Civ.R. 56; and copies of the postcard notice of dismissal in the original action (No. 403744) (marked in pen by appellant as `half-truth') and the postcard notice of transfer of Case No. 410966 to the Honorable Janet R. Burnside (marked in pen by appellant as "`full truth' omitted by the [appellee]" [in appellee's motion for summary judgment]. Importantly, no affidavit of any kind was attached to appellant's motion in opposition nor was any of the "evidence" sworn to or otherwise notarized.
 B.
According to Civ.R. 56(E), "When a motion for summary judgment is made and supported as provided in this rule, an adverse party [here, the appellant] may not rest upon the mere allegations * * * of [that] party's pleadings, but the [appellant's] response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Further, "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E) (emphasis added).
Civil Rule 56(C) states that "No evidence or stipulation may be considered [in determining a motion for summary judgment] except as stated in this rule." Evidence that may be considered consists of, and only of, "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any[.]" Civ.R. 56(C).
Here, the record is devoid of pleadings submitted as evidence, depositions, answers to interrogatories, written admissions, transcripts of evidence and written stipulations of fact. The only affidavit in evidence is that provided by appellee in his motion for summary judgment. That affidavit includes statements regarding the denial of appellant's application for a building permit and reasons therefor.
 C.
Having determined that appellee did not properly rebut appellant's motion for summary judgment, this court must now determine whether appellee was, in fact, entitled to summary judgment. Civ.R. 56(E). We rule that the trial court properly granted summary judgment in favor of appellee.
The undisputed facts show that appellant did not comply with the relevant Brecksville ordinances regarding his application for a building permit. Appellee attached an affidavit to his motion for summary judgment that he (appellee) had notified appellant that appellant's application for a building permit was denied and that appellant "did not comply with or seek variances from the [relevant] code sections." Further, appellee stated in his affidavit that appellant "did not present a topographical plan approved by the City Engineer" as required under section 1315.04 of the Brecksville Codified Ordinances.
Appellant was unable to raise any genuine issue of material fact with regard to appellee's affidavit. In his motion in opposition to appellee's motion for summary judgment, appellant attached memos and letters, the authenticity of which was never notarized. Appellant did not attach any affidavits supporting his arguments.
Simply put, appellant did not meet his burden in responding to appellee's motion for summary judgment and the trial court properly granted appellee summary judgment, pursuant to Civ.R. 56(E).
We therefore affirm the trial court's grant of summary judgment in favor of appellee.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] The use of the judges' names are for clarity purposes only as three individual judges were involved in this matter. See Loc.App.R. 22(C);Grogan v. T.W. Grogan Co. (2001), 143 Ohio App.3d 548.